Dale K. Galipo, SBN 144074
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118
E-mail: dalekgalipo@yahoo.com

Attorney for *Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GOULD,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF LOS ANGELES; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. 42 U.S.C. § 1983 (Unreasonable Detention and Arrest)<br>2. False Arrest/Imprisonment<br>3. Intentional Infliction of Emotional Distress<br>4. Negligence<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES

# COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Mark Gould against Defendants CITY OF LOS ANGELES; and DOES 1-10, inclusive and hereby alleges as follows:

## INTRODUCTION

1. This civil rights and state tort action seeks compensatory and punitive damages against Defendants for violating various rights under the United States Constitution and state law in connection with the arrest of and interaction with Plaintiff Mark Gould on December 31, 2020.

2. Defendants DOES 1-8 caused Plaintiff Mark Gould's injuries when they detained Plaintiff without reasonable suspicion and arrested him without probable cause, and inflicted severe emotional distress on Mark Gould

3. DOES 1-8, inclusive, ("DOE OFFICERS") also caused various injuries and damages herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/ or omissions around the time of the incident.

4. Defendants CITY OF LOS ANGELES and DOES 9-10, inclusive, also caused various injuries and are vicariously liable under state law.

5. This action is in the public interest as Plaintiff seeks by means of this civil rights action to hold accountable those responsible for the unjustified arrest and serious injuries and emotional distress inflicted by Defendants on Plaintiff.

## THE PARTIES

6. At all relevant times, Plaintiff MARK GOULD was an individual residing in Los Angeles County, California.

7. Defendant DOES 1-8 ("DOE OFFICERS"), inclusive, are officers for the CITY. At all relevant times, these Defendants were acting under color

of law within the course and scope of their duties as Los Angeles Police Department officers.

8. Defendant CITY OF LOS ANGELES ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. Defendant CITY is a chartered political subdivision of the State of California that is within this judicial district with the capacity to be sued. Defendant CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Los Angeles Police Department ("LAPD"). At all relevant times, Defendant CITY was responsible for assuring that actions, omissions, policies, procedures, practices, and customs of the LAPD and its employees and agents complied with the laws of the United States and the State of California. At all relevant times, Defendant CITY was the employer of Defendants DOE OFFICERS, inclusive.

9. Defendants DOES 9-10, inclusive, are managerial, supervisorial, or policymaking employees of the LAPD who were acting under color of law within the course and scope of their duties as supervisorial officers for the LAPD. DOES 9-10, inclusive, were acting with the complete authority of their principal, CITY OF LOS ANGELES.

10. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend the complaint to allege the true names and capacities of those defendants when the same has been ascertained. Plaintiff is informed and believes, and on that basis alleges, that DOES 1-10, inclusive, and each of them, are responsible in some manner for the occurrences alleged herein and proximately caused Plaintiff's damages.

11. On information and belief, DOES 1-10, inclusive, were at all relevant times residents of the County of Los Angeles.

12. Plaintiff is informed and believes, and on that basis alleges, that Defendants acted at all times mentioned herein as the actual and/or ostensible agents, employees, servants or representatives of each other and, in doing the activities alleged herein, acted within the scope of their authority as agents and employees, and with the permission and consent of each other.

13. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein all Defendants acted under color of law, statute, ordinance, regulations, customs and usages of the State of California, CITY OF LOS ANGELES.

14. All Defendants who are natural persons, including DOES 1-10, inclusive, are sued individually and/or in his/her capacity as officers, deputies, investigators, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives of the Los Angeles Police Department.

15. Plaintiff MARK GOULD suffered serious injuries and severe emotional distress as a result of the actions of DOES 1-10. Defendants DOES 1-10 are directly liable for Plaintiff MARK GOULD's injuries under federal law pursuant to 42 U.S.C. § 1983 and state law.

16. On July 2, 2021, Plaintiff MARK GOULD timely filed a claim for damages with the CITY OF LOS ANGELES pursuant to applicable sections of the California Government Code and various Executive Orders. On August 19, 2021, Plaintiff MARK GOULD's claim was denied by a written notice of rejection of claim.

17. In response to the COVID-19 pandemic, California Governor Gavin Newsom issued numerous executive orders extending claim presentation deadlines. Executive Order N-35-20, issued on March 21, 2020, extended claim presentation deadlines under the Government Tort Claims Act by 60 days. Executive Order N-65-20, issued on May 19, 2020, extended claim

1  presentation deadlines by an additional 60 days, totaling an extension of 120
2  days. Executive Order N-08-21, issued on June 11, 2021, stated that all claims
3  accruing before June 30, 2021 remain subject to the 120-day extension granted
4  in the aforementioned orders. As a result, pursuant to the applicable
5  emergency orders, the claimants' original claim presentation deadline of June
6  29, 2021 was extended 120 days to October 27, 2021. Therefore, Mark Gould's
7  July 2, 2021 claim was timely.

## JURISDICTION AND VENUE

9  18.  The Court has jurisdiction over Plaintiff's federal law claims
10 pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts
11 claims arising under the laws of the United States including 42 U.S.C. § 1983
12 and the Fourth Amendment of the United States Constitution.  This Court has
13 supplemental jurisdiction over Plaintiff MARK GOULD's state law claims
14 pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the
15 federal claims that they form part of the same case or controversy under
16 Article III of the United States Constitution.

17 19.  Venue in this judicial district is proper pursuant to 28 U.S.C. §
18 1391(b), because all incidents, events, and occurrences giving rise to this
19 action occurred within this district.

## FACTS COMMON TO PLAINTIFF MARK GOULD'S CLAIMS FOR RELIEF

22 20.  Plaintiff MARK GOULD repeats and re-alleges each and every
23 allegation of paragraphs 1 through 19, inclusive, as if fully set forth herein.

24 21.  On December 31, 2020, Plaintiff went to his ex-girlfriend's
25 residence where he used to live to retrieve his valuable personal property.

26 22.  Shortly thereafter, Plaintiff's ex-girlfriend arrived with several
27 Los Angeles Police Department ("LAPD") officers and informed the officers
28 that Plaintiff had filed a lawsuit against the CITY in connection with injuries

he suffered at the hands of LAPD officers during the May 2020 George Floyd protests.

23. DOE OFFICERS detained Plaintiff MARK GOULD without reasonable suspicion and arrested him without probable cause, without a valid warrant, and in retaliation for him pursuing a lawsuit against the LAPD.

24. At the time of the detention and arrest, Plaintiff MARK GOULD posed no threat to anyone and had not committed any crimes.

25. Plaintiff sustained injuries, including but not limited to pain, suffering, and severe emotional distress, when Defendants DOE OFFICERS detained him without reasonable suspicion, arrested him without probable cause, placed him in a freezing holding cell while COVID-19 rapidly spread through jails and prisons, and caused him to contract life-threatening pneumonia. Plaintiff was severely sick and feeling the lasting effects of pneumonia for an extended period of time. Said DOE OFFICERS were on-duty employees of Defendant CITY, each of whom was acting under color of law and under the course and scope of their employment with the City of Los Angeles.

26. The Los Angeles District Attorney's Office refused to pursue any charges against Plaintiff GOULD in connection with the December 31, 2020 incident and all existing charges were dropped at the arraignment stage.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Unreasonable Detention and Arrest (42 U.S.C. § 1983)**

(By PLAINTIFF MARK GOULD against DEFENDANT DOE OFFICERS, inclusive)

27. Plaintiff MARK GOULD repeats and realleges each and every allegation in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth herein.

28. The Fourth Amendment to the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their right to privacy. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

29. Defendants DOE OFFICERS did not observe Plaintiff MARK GOULD commit any crime.

30. After DOE OFFICERS detained Plaintiff without reasonable suspicion and arrested him without probable cause, DOE OFFICERS placed Plaintiff in a holding cell. Soon thereafter, Plaintiff contracted pneumonia and experienced difficulty breathing. As Plaintiff lay in his holding cell struggling to breathe, DOE OFFICERS ignored Plaintiff's obvious need for medical attention, thereby detaining him in an unreasonable manner and violating Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

31. As a result of their misconduct, Defendants DOE OFFICERS are liable for Plaintiff's injuries, either because they were integral participants in the unreasonable detention and arrest, or because they were integral participants and/or failed to intervene to prevent these violations.

32. The conduct of Defendants DOE OFFICERS in unreasonably detaining and arresting Plaintiff MARK GOULD was malicious, oppressive and in reckless disregard for the rights and safety of Plaintiff MARK GOULD and warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

33. Plaintiff MARK GOULD seeks damages, including but not limited to, his past and future pain and suffering loss of enjoyment of life, medical expenses, emotional distress, and loss of earning capacity under this claim. Plaintiff MARK GOULD also seeks statutory attorneys' fees and costs

under this claim. Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

### False Arrest/False Imprisonment

### (Cal. Govt. Code § 820 and California Common Law)

(By PLAINTIFF MARK GOULD against all DEFENDANTS)

34. Plaintiff MARK GOULD repeats and realleges each and every allegation in paragraphs 1 through 33 of this Complaint with the same force and effect as if fully set forth herein.

35. DOE OFFICERS detained Plaintiff without reasonable suspicion, and arrested him without probable cause, a warrant, or any justification.

36. DOE OFFICERS had no reason to believe that Plaintiff MARK GOULD had committed a crime or was a threat to any person.

37. As a result of DOE OFFICERS' actions, Plaintiff MARK GOULD was placed in a holding cell, contracted pneumonia, and subsequently lost approximately forty pounds. Plaintiff was severely sick and feeling the lasting effects of pneumonia for an extended period of time. Plaintiff also suffered severe emotional distress as a result of DOE OFFICERS' actions.

38. DOE OFFICERS' actions were a substantial factor in causing Plaintiff MARK GOULD's harm.

39. Defendant CITY is vicariously liable for the wrongful acts of DOE OFFICERS, inclusive, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment is the employees' acts would subject them to liability.

40. The conduct of Defendants DOE OFFICERS, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard

for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

41. Plaintiff is seeking damages including but not limited to: past and future medical expenses; loss of future earnings; loss of ability to provide household services; physical pain, mental suffering, and emotional distress under this claim.

### THIRD CLAIM FOR RELIEF

**Intentional Infliction of Emotional Distress (Cal. Govt. Code § 820 and California Common Law)**

(By PLAINTIFF MARK GOULD against all DEFENDANTS)

42. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43. Defendant DOE OFFICERS, while working for the CITY and acting within the course and scope of their duties as a police officers, intentionally and with reckless disregard, inflicted severe emotional distress on Plaintiff MARK GOULD. DOE OFFICERS detained Plaintiff without reasonable suspicion and arrested Plaintiff without probable cause, a valid warrant, or any justification; placed Plaintiff in a freezing holding cell while the COVID-19 pandemic was spreading rapidly through jails and prisons; and caused him to contract life-threatening pneumonia. Defendant DOE OFFICERS' actions were in retaliation for Plaintiff's lawsuit against the LAPD in connection with LAPD officers' beating of Plaintiff during the May 2020 George Floyd protests and therefore constituted extreme and outrageous conduct.

44. At no point throughout the relevant time did Plaintiff MARK GOULD pose a threat to any person.

45. As a direct and proximate cause of Defendants DOE OFFICERS' conduct, Plaintiff MARK GOULD was caused to suffer severe emotional distress,

including but not limited to, paralyzing fear, anxiety, anguish, humiliation, and other injuries to his nervous systems.

46. Plaintiff MARK GOULD brings this claim in his individual capacity and seeks compensatory damages for his severe emotional distress resulting from DOE OFFICERS' actions and Plaintiff's resulting injuries.

### FOURTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(By PLAINTIFF MARK GOULD against all DEFENDANTS)

47. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 46, inclusive, as if fully set forth herein.

48. Police officers, including Defendants, have a duty to use reasonable care to prevent harm and injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving appropriate warnings, and not arresting citizens without probable cause or a warrant.

49. The Defendants breached their duty of care. Upon information and belief, the actions and inactions of Defendants were negligent and reckless, including but not limited to:

    (a) the failure to properly and adequately assess the need to arrest Plaintiff MARK GOULD;

    (b) the negligent tactics and handling of the situation with Plaintiff, including arresting Plaintiff without probable cause and placing him in a holding cell while the COVID-19 pandemic spread rapidly through jails and prisons;

    (c) the negligent scope and manner of Plaintiff's detention and arrest;

    (d) the failure to properly train and supervise employees, both professional and non-professional, including DOE OFFICERS, inclusive;

(e) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs and protect the rights of Plaintiff;

(f) the negligent handling of evidence, witnesses, and the negligent investigation of the shooting of Plaintiff; and

(g) the failure to punish, re-train, terminate, and/or prosecute violators of Department policies and the law.

50. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer, including but not limited to, severe past and future mental and physical pain and suffering and medical expenses.

51. At all relevant times, Plaintiff was not a threat to anyone, including Defendants, and had not committed any crimes.

52. The CITY is vicariously liable for the wrongful acts of DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees' act would subject him or her to liability.

53. Plaintiff is seeking damages including but not limited to: past and future medical expenses; loss of future earnings; loss of ability to provide household services; physical pain, mental suffering, and emotional distress under this claim.

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF MARK GOULD, requests entry of judgment in his favor against CITY OF LOS ANGELES; COUNTY OF LOS ANGELES; and DOES 1 THROUGH 10, inclusive, as follows:

1. For compensatory damages according to proof at trial, under federal and state law;
2. For punitive and exemplary damages against the individual defendants in an amount to be proven at trial;
3. For statutory damages;
4. For reasonable attorneys' fees including litigation expenses;
5. For costs of suit and interest incurred herein; and
6. For such other and further relief as the Court may deem just and proper.

Dated:  February 16, 2022         LAW OFFICES OF DALE K. GALIPO

                                  By:  /s/ *Dale K. Galipo*
                                       Dale K. Galipo
                                       *Attorney for Plaintiff*

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby submits this demand that this action be tried in front of a jury.

Dated: February 16, 2022

LAW OFFICES OF DALE K. GALIPO

By: /s/ Dale K. Galipo
Dale K. Galipo
*Attorneys for Plaintiff*